**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Canan Erdogan, Rachel E. Lindman, Dana B. Rumer, Corey Truesdale, and Alexandra Statsenko on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Preserve at Charleston Park Homeowners Association, Inc.; Hawthorne Ridge Homeowners' Association, Inc.; Pennington Square Homeowners Association, Inc.; Waccamaw Village Property Owners Association, Inc.; Cole Creek Homeowners Association, Inc.,; McCabe, Trotter & Beverly, P.C.; Simons & Dean, Attorneys At Law; McCutchen, Mumford, Vaught & Geddie, P.A.; Black, Slaughter & Black, P.A.; Southern Community Services, LLC; Hinson Management Inc.; IMC Charleston LLC, Sisbro Properties, LLC; and Red Rock Management Agency, LLC,<br><br>    Defendants. | 2:18-cv-00084-DCN<br><br><br>**COMPLAINT<br>CLASS CERTIFICATION<br>REQUESTED<br>JURY TRIAL DEMANDED** |

The Plaintiffs named above, complaining of the Defendants herein, would respectfully show unto the Court:

## **PARTIES**

1.    Plaintiffs Canan Erdogan, Rachel E. Lindman, Dana B. Rumer, Corey Truesdale, and Alexandra Statsenko are all owners of residential real estate in the various counties of South Carolina that are within the confines and control of a homeowners association. As a class, they represent all owners of residential real estate from all or nearly all of the counties of the State of South Carolina who own property that is in the subject and control of a homeowners association.

2. The potential members of the class of plaintiffs (hereinafter "Plaintiff Class") are so numerous as to be impracticable to join all to the instant actions.

3. While the exact number of Plaintiff Class members is unknown to Plaintiffs at this time, a good faith estimate that approximately one-third of all South Carolinians own property subject to restrictive covenants which also establish and empower homeowners associations, including HOA Defendants, which manage more than $100 billion in assets.[1] Some currently unknown portion of that number includes property owned in fee simple as separate lots of land in contrast to a "slice of air" owned by an owner of a condominium in a horizontal property regime.

4. Plaintiffs' claims are typical of the claims of the members of the Plaintiff Class as all members of the Plaintiff Class are similarly affected by Defendants' wrongful conduct in violation of the federal and state laws described herein.

5. Plaintiffs will fairly and adequately protect the interests of the members of the Plaintiff Class. Plaintiffs have retained competent counsel, experienced in class actions, homeowners' association litigation, and litigation involving breaches of fiduciary duties.

6. Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiff Class are:

> (a) Whether a non-condominium association has the right to issue a lien for unpaid property assessments under the laws of the State of South Carolina

---

1 http://www.myrtlebeachonline.com/news/local/article53784355.html

    (b) Whether a non-condominium association has the right to foreclose a lien for unpaid property assessments under the laws of the State of South Carolina;

    (c) Whether Defendants, in attempting to collect a consumer debt, have committed the predicate acts to sustain liability under the Fair Debt Collection Practices Act;

    (d) Whether Defendants' conduct alleged herein have interfered with Class Plaintiff's contracts with their mortgage companies;

    (e) The extent and measurement of the damages suffered by Plaintiffs and the Plaintiff Class.

7. Defendants Preserve at Charleston Park Homeowners Association, Inc.; Hawthorne Ridge Homeowners' Association, Inc.; Pennington Square Homeowners Association, Inc.; Waccamaw Village Property Owners Association, Inc.; and Cole Creek Homeowners Association, Inc. are homeowners associations organized as non-profit corporations under the South Carolina Nonprofit Corporation Act, S.C. Code § 33-31-101, *et. seq.*, owning property and doing business in the various counties of the State of South Carolina.

8. The above-named homeowners associations are representative of the class of homeowners associations not governed by the South Carolina Horizontal Property Regime Act, S.C. Code § 27-31-10, *et. seq.* Collectively, these defendants as a class are referred herein to as the "HOA Defendants."

9. For the purposes the instant action, the description of HOA Defendants is meant to specifically exclude homeowners associations organized and operating pursuant to the South Carolina Horizontal Property Regime Act, S.C. Code § 27-31-10, *et. seq.*

10. McCabe, Trotter & Beverly, P.C.; Simons & Dean, Attorneys At Law; McCutchen, Mumford, Vaught & Geddie, P.A.; and Black, Slaughter & Black, P.A. are law firms operating in the various counties of the State of South Carolina. These law firms all engage in the representation of homeowners association by filing liens, filing foreclosure actions, and evicting homeowners.

11. McCabe, Trotter & Beverly, P.C.; Simons & Dean, Attorneys At Law; McCutchen, Mumford, Vaught & Geddie, P.A.; and Black, Slaughter & Black, P.A. are representative of the class of law firms that routinely engage in the business of filing liens and foreclosure actions on behalf of HOA Defendants. Collectively, these defendants are referred to herein as the "Law Firm Defendants." Employees, owners, officers, partners, and management of Law Firm Defendants are specifically excluded from the definition of Plaintiffs and/or Plaintiff Class.

12. Defendants Southern Community Services, LLC; Hinson Management, Inc.; IMC Charleston, LLC, Sisbro Properties, LLC; and Red Rock Management Agency, LLC are in the business of managing homeowners associations in the various counties of the State of South Carolina.

13. Defendants Southern Community Services, LLC; Hinson Management, Inc.; IMC Charleston, LLC, Sisbro Properties, LLC; and Red Rock Management Agency, LLC are representative of the class of companies that routinely engage in the business of managing homeowners associations and facilitate the actions plead herein by Law Firm Defendants. Collectively, these defendants are referred to herein as the "Management Defendants."

4

Employees, owners, officers, partners, and management of Management Defendants are specifically excluded from the definition of Plaintiffs and/or Plaintiff Class.

14.   At all times relevant herein, the Law Firm Defendants and Management Defendants are agents of the HOA Defendants.

## JURISDICTION & VENUE

15.   This Court has subject-matter jurisdiction, pursuant to 28 U.S.C.A. § 1331, over the claims in this lawsuit.

16.   This Court has personal jurisdiction because the events giving rise to the matter in controversy occurred within the State of South Carolina.

17.   This Court has supplemental jurisdiction to hear and decide relevant causes of action arising under the laws of the State of South Carolina.

18.   Venue is proper under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in this district.

19.   Venue is proper in this division pursuant to Local Civil Rule 3.01 DSC.

## CLASS ALLEGATIONS

20.   Pursuant to Rule 23, FRCP, Plaintiffs seek certification as a class action because the class of plaintiffs and defendants are so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class; the claims of the representative parties are typical of the entire class, injunctive relief is sought, and the damages for the causes of action exceed one hundred dollars for each member of the class.

21.   Pursuant to Rule 23.1, FRCP, Plaintiff Class are also shareholders of their respective HOA Defendants and have the right under to file a declaratory judgment to cause this

Court to interpret and declare their rights under the same or similar provisions of the governing documents of their respective associations.

22.     The number of HOA Defendants, Law Firm Defendants, and Management Defendants are so numerous that joinder of all homeowners associations, law firm defendants, and Management Defendants in the State of South Carolina is impracticable.

23.     There are common questions of law or fact common to the HOA Defendants, Law Firm Defendants, and Management Defendants including, *inter alia*:

   (a) Whether HOA Defendants can issue a lien for unpaid assessments prior to an issuance of a final judgment or adjudication by a court;

   (b) Whether HOA Defendants can foreclose a lien for unpaid assessments;

   (c) Whether the issuance of a lien and the filing of a lien and foreclosure action for unpaid assessments by Law Firm Defendants with the assistance of Management Defendants on behalf of HOA Defendants are false and deceptive acts;

   (d) Whether HOA Defendants can lawfully evict a homeowner from their home for unpaid assessments; and/or

   (e) Whether Class Plaintiffs are entitled to the rights under the Homestead Act, S.C. Code Ann. § 15-41-30, *et. seq.* to prevent the foreclosure of their homes.

24.     The defenses asserted by the HOA Defendants, Law Firm Defendants, and Management Defendants are typical of the defenses of the class members of HOA Defendants, Law Firm Defendants, and Management Defendants.

25. Pursuant to FRCP 23(b)(1)(A), the prosecution of separate actions against members of the HOA Defendants, Law Firm Defendants, and Management Defendants would create a risk of inconsistent or varying adjudications with respect to individual Plaintiff Class and HOA Defendant members and would establish incompatible standards for HOA Defendants, Law Firm Defendants, and Management Defendants opposing Plaintiff Class.

26. Pursuant to FRCP 23(b)(1)(B) the prosecution of separate actions against each member of the HOA Defendants, Law Firm Defendants, and Management Defendants, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Plaintiff Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Plaintiff Class to individually redress the wrongs done to them by HOA Defendants, Law Firm Defendants, and Management Defendants. There will be no difficultly in the management of this action as a class action.

## **FACTUAL ALLEGATIONS**

28. Plaintiffs purchased properties subject to restrictive covenants which create and empower the HOA Defendants pursuant to the South Carolina Nonprofit Corporation Act, S.C. Code § 33-31-101, *et. seq.*.

29. Upon information and belief, Management Defendants are agents that manage the affairs of the HOA Defendants including, *inter alia*: the billing and receipt of payments for assessments; the management and maintenance of assets such as common areas and elements such as swimming pools, tennis courts, clubhouses, signage, etc.; the hiring and firing of agents such as landscapers, maintenance personnel, security guards, etc.; decisions regarding the collection of past due assessments; applying architectural rules and surveying the community to ensure compliance with aesthetic requirements; the levying and collection of fines when members fail to comply with architectural and/or aesthetic requirements; the production of the annual budget for the association; the conduct the annual meeting and other meetings as required; the training of board members as to how to perform their fiduciary obligations as directors; the retention and management of legal counsel to provide legal opinions as to covenants, to pursue enforcement actions, and to pursue collection actions, etc.

30. Upon information and belief, Management Defendants have at least one seat, usually as treasurer, on the Board of Directors through which they exercise some influence and control. Upon further information and belief, some Management Defendants completely control the board of directors if the HOA Defendant is still under the control of the initial or subsequent developer.

31. Upon information and belief, Management Defendants have pre-existing agreements—usually oral—to use Law Firm Defendants to provide legal services to the communities that they manage.

32. Upon information and belief, Management Defendants use their position of authority, influence and trust with HOA Defendants to pick or cause HOA Defendants to pick

8

specific Law Firm Defendants on the basis that the Law Firm Defendants agree to pursue the remedies outlined below.

33. The South Carolina Non-Profit Corporation Act empowers non-profit corporations such as HOA Defendants to impose dues and assessments pursuant to S.C. Code Ann. § 33-31-302(15).

34. The restrictive covenants controlling HOA Defendants contain provisions which purportedly creates a lien for assessments and reserves to the HOA Defendants the right to foreclose the aforesaid lien "in the same manner as other liens for the improvement of real property" or some similar language with the same intent and effect.

35. Homeowners associations that lack the language that purportedly creates the right to create a lien and foreclose that lien for past due assessments are hereby excluded from the class of HOA Defendants to the extent they have not engaged in the practices outlined herein.

36. This purported lien is not a lien under Title 29 of the South Carolina Code of Laws, including, *inter alia*, Chapter 3 of the same. Title 29 of the South Carolina Code of Laws is incorporated herein by reference.

37. S.C. Code Ann. § 33-31-302 does not empower a non-profit corporation to create a lien for unpaid dues or assessments. The assertion of a lien for unpaid dues prior to a judgment would be an *ultra vires* act.

38. Upon information and belief, HOA Defendants then seek to enforce this alleged right by first filing a lien and then foreclosing this lien by and through the active participation of Law Firm Defendants and Management Defendants.

39. The foreclosure of this purported lien is not authorized by S.C. Code Ann. § 29-3-610, *et seq.* or any other statute under the laws of the State of South Carolina.

40. Law Defendants knowingly use the equitable remedy of foreclosure in an action seeking monetary damages for a breach of contract.

41. The inability to use equitable remedies to collect money damages is well established in South Carolina law.

42. Law Defendants' use of foreclosure is intended to frighten Class Plaintiffs to settle their claims for fear of losing their homes.

43. Upon information and belief, Law Defendants have followed through with foreclosure actions against delinquent homeowners up to and including eviction and sale of property subject to their liens.

44. Law Firm Defendants have and continue to make arguments to the presiding courts which are deceitful and violate Rule 3.3 of the South Carolina Rules of Professional Conduct.

45. Upon information and belief, the HOA defendants, by and through Law Firm Defendants, certify to courts of the State of South Carolina that South Carolina Supreme Court Administrative Order 2011-05-02-01 does not apply because HOA defendant is foreclosing "on a Claim of Lien rather than a Promissory Note Secured by a Mortgage" or similar argument.

46. Upon information and belief, the HOA Defendants, by and through Law Firm Defendants at the direction and assistance of Management Defendants, then send multiple threatening communications which threaten to foreclose the property of property owners. These

communications include, but are not limited to, pleadings filed against Class members in the courts of the State of South Carolina.

47. Upon information, Law Firm Defendants offer to settle the claims on behalf of the HOA Defendants with homeowners for amounts that include the past-due assessments plus inflated attorneys' fees and costs.

48. Upon information and belief, all of the named Defendants have participated in the process of initiating and maintaining the foreclosure process against some of Plaintiff Class members.

49. HOA Defendants, as the principals, have the duty to monitor, supervise and control their agents Management Defendants and Law Firm Defendants.

50. Upon information and belief, the amount of attorneys' fees demanded by Law Firm Defendants are not proportionate to the hours devoted to the specific file, results obtained, and other factor set forth under case law and the South Carolina Rules of Professional Conduct. Rule 1.5 of the South Carolina Rules of Professional is hereby incorporated by reference hereto.

51. Plaintiff Class members are under tremendous pressure to settle the claims made by HOA Defendants because of the fear of losing their homes through foreclosure.

52. Upon information and belief, the vast majority of the Plaintiff Class members their claims without seeking the advice of counsel or contesting the validity of the claims made by the HOA Defendants.

53. Upon information and belief, Defendants rely on the fact that the amount in controversy is so small that Plaintiff Class members are unable to obtain legal counsel on a cost-effective basis.

54. Upon information and belief, Plaintiff Class members who refuse to settle face foreclosure on their homes and eviction by the HOA Defendants as the prevailing party.

55. The process designed by HOA Defendants, Law Defendants and Management Defendants is based on the deception that HOA Defendants can use an equitable remedy to collect monetary damages.

56. Upon information and belief, the HOA Defendants do not name the first lien mortgage holders but still seek to evict Plaintiff Class members from their homes. Thus, class members are still or would remain contractually obligated to make payments to mortgage holders even though they are no longer in possession of their homes.

57. The value of the real estate owned by Plaintiff Class Members is negatively affected by the foreclosures brought by the Defendants as the properties become rental properties.

**FOR A FIRSTCAUSE OF ACTION**
**Violation of the Fair Debt Collection Practices Act**
**(As to All Defendants)**

58. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

59. Plaintiffs on behalf of the Plaintiff Class hereby incorporate Fair Debt Collection Practices Act, (hereinafter "FDCPA"), 15 U.S.C.A. § 1692, *et seq.,* by reference.

60. Plaintiffs and Plaintiff Class are "consumers" within the meaning of the FDCPA.

61. Management Defendants and Law Firm Defendants are "debt collectors" within the meaning of FDCPA.

62. HOA Defendants, as the principals, are vicariously liable for the acts of their agents the Management Defendants and Law Firm Defendants.

63. There is no right to use pre-suit liens or the equitable remedy of foreclosure by HOA Defendants to collect damages in the form of past due assessments.

64. The use of liens and foreclosures, the communications relating to file liens and foreclosures, the filing of liens and foreclosures, and/or the evicting of homeowners constitute false, deceptive, or misleading representation or means in connection with the collection of any debt within the meaning of the FDCPA.

65. There is no right to obtain the equitable remedy of foreclosure in an action for money damages and/or breach of contract action.

66. There is no common law right to obtain the equitable remedy of foreclosure in an action for money damages and/or breach of contract action.

67. There is no right to obtain the equitable remedy of foreclosure in an action for money damages and/or breach of contract action without statutory authorization.

68. The use of liens and foreclosures, the communications relating to liens and foreclosures constitute false representations of the character, amount, or legal status of any debt within the meaning of the FDCPA.

69. The use of liens and foreclosures, the communications relating to liens and foreclosures by the Law Firm Defendants on behalf of the HOA Defendants are misleading or deceptive within the meaning of the FDCPA.

70. The use of liens and foreclosures, the communications relating to liens and foreclosures, and the eviction of Plaintiff Class members from their homes without affording the

superior lien holders of notice and/or the rights contained within the Homestead Exemption, S.C. Code Ann. § 15-41-30 are unfair and/or unconscionable means to collect or attempt to collect any debt.

71. Plaintiff Class Members have suffered damages as will be proven at trial including, but not limited to, statutory damages as allowed, actual and consequential damages.

### FOR A SECOND CAUSE OF ACTION
**Declaratory Judgment**
**As to All Defendants**

72. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

73. Plaintiffs on behalf of the Plaintiff Class ask this Court to issue a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the South Carolina Declaratory Judgment Act, S.C. Code Ann. § 15-53-10, *et seq.* and enter a judgment as follows:

    a) The right of an association to create a lien—if at all—does not mature until after a judgment is entered against a party delinquent in paying homeowners association dues;

    b) The language and actions as alleged aforesaid regarding liens and foreclosure have been improperly copied from the inapplicable language from the Horizontal Property Regime Act.

    c) A restrictive covenant creates a contractual relationship between a homeowners association and the Plaintiff Class;

d)  A restrictive covenant "touches and concerns" the land meaning the covenants are binding on all future purchasers of land encumbered by the covenants including Plaintiff Class;

e)  A restrictive covenant does not create a mortgage or mortgage-like relationship between the homeowners association and Plaintiff Class.

f)  A homeowners association's remedy against a property owner who does not pay association dues is to pursue an action by breach of contract;

g)  There is no common law right to the remedy of foreclosure in South Carolina as the remedy of foreclosure has been codified under various Titles of the Laws of South Carolina;

h)  The equitable remedy of foreclosure—if it still exists—is unavailable in a mere breach of contract action;

i)  Any lien created by a judgment against a homeowner is subject to a superior liens;

j)  A homeowner is entitled to protection against the foreclosure of their home by a homeowners association pursuant to the Homestead Exemption, S.C. Code Ann. § 15-41-30;

k)  A homeowner must be given a right to contest their expulsion for non-payment of dues pursuant to S.C. Code Ann. § 33-31-621 before the board of the homeowners association;

l) HOA Defendants have not acted in good faith by denying a homeowner the right to contest their expulsion pursuant to S.C. Code Ann. § 33-31-621 before the board of the homeowners association; and/or

m) The dispossession of homeowners from their properties for trivial amounts of money owed acts as both an unlawful penalty and a forfeiture.

## THIRD CAUSE OF ACTION
### Intentional Interference with a Contractual Relationship
### As to the Management Defendants and Law Firm Defendants

74. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

75. Plaintiffs and Plaintiff Class have a contractual relationships with their mortgage companies.

76. Defendants are aware of the existence of the contractual relationship between Plaintiffs/Plaintiff Class and the mortgage company as a result of duly filed and indexed mortgages which are public records in the counties where the properties are situated.

77. Upon information and belief, Law Firm Defendants perform a title search to discover the identity of any other lienholders.

78. Upon information and belief, Law Firm Defendants do not name the mortgage holders as Defendants when they file liens on behalf of the HOA Defendants.

79. Mortgage holders have a right to be named in any action as it has an interest in the property and Defendants are attempting to impair that interest, and the existence of the mortgage holders' liens protect the homeowners' possession of their homes.

80. Defendants procured the breach of the mortgage when it has Class Plaintiffs evicted from their properties without notice to the mortgage holder and/or the benefit of the protection of the Homestead Exemption.

81. As a result of aforesaid, Plaintiff Class has suffered actual damages, compensatory damages and consequential damages in an amount to be determined at trial plus punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be rendered against the Defendant as follows:

a. For actual damages, compensatory damages, and consequential damages as may be proven at trial;

b. For statutory damages and attorneys' fees for the First Cause of Action;

c. For punitive damages as may be proven at trial if allowed;

d. For prejudgment interest, postjudgment interest, and costs; and

e. For such other and further relief as the Court may deem just and proper

THE LAW OFFICES OF JASON E. TAYLOR, P.C.
_s/ Brian Gambrell_____
Brian C. Gambrell (FED ID NO. 7632)
Office Address:
810 Dutch Square Blvd
Suite 112

        Columbia, SC 29210
        Telephone:  (800) 351-3008
        Facsimile: (828) 327-9008
        bgambrell@jasonetaylor.com
        Attorney for Plaintiff

Columbia, South Carolina
January 9, 2018