# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Canan Erdogan, Rachel E. Lindman, Dana B. Rumer, Corey Truesdale, and Alexandra Statsenko on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Preserve at Charleston Park Homeowners Association, Inc.; Hawthorne Ridge Homeowners' Association, Inc.; Pennington Square Homeowners Association, Inc.; Waccamaw Village Property Owners Association, Inc.; Cole Creek Homeowners Association, Inc.,; McCabe, Trotter & Beverly, P.C.; Simons & Dean, Attorneys At Law; McCutchen, Mumford, Vaught & Geddie, P.A.; Black, Slaughter & Black, P.A.; Southern Community Services, LLC; Hinson Management Inc.; IMC Charleston LLC, Sisbro Properties, LLC; and Red Rock Management Agency, LLC,<br><br>Defendants. | Case No.: 2:18-cv-00084-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants Preserve at Charleston Park Homeowners Association, Inc.; Hawthorne Ridge Homeowners' Association, Inc.; Pennington Square Homeowners Association, Inc; Waccamaw Village Property Owners Association, Inc.; McCabe, Trotter & Beverly, P.C.; Simons & Dean, Attorneys At Law; McCutchen, Mumford, Vaught & Geddie, P.A.; Black, Slaughter & Black, P.A.; Southern Community Services, LLC; Hinson Management Inc.; IMC Charleston LLC; Sisbro Properties, LLC (collectively, the "Moving Defendants") motion to dismiss (Dkt. Nos. 47 – 54.) For the reasons set forth below, the Court grants the motion. The dismissal terminates all other pending motions.

I.     **Background**

Plaintiffs are seven owners of residential real estate in South Carolina and are each a member of a homeowners' association. (Dkt. No. 34 ¶¶ 1 – 8.) They purportedly represent all or nearly all owners in South Carolina whose property is subject to the control of a homeowners' association. (Dkt. No. 34 ¶ 1.) The Plaintiffs' property, as members of the homeowners' association, are subject to restrictive covenants mandating the payment of maintenance assessments for, among other things, the management and maintenance of common areas such as swimming pools, tennis courts, street lights, private streets, compliance with aesthetic requirements, the hiring of agents such as landscapers, and other similar services. (Dkt. No. 34 ¶ 51, Ex. B.) The restrictive covenants of the homeowners' associations state that they create a lien for these assessments, which states that it, if unpaid, the lien can be enforced against the owner as a personal obligation or through foreclosure on the lien. (Dkt. No. 34 ¶ 57, Ex. B; Dkt. No. 66 at 2 – 3.) As of the end of 2017, each of the Plaintiffs is subject to lien foreclosure actions in state court based on unpaid assessments. (Dkt. No. 34 ¶ 50.)

Plaintiffs now bring this action against three groups of Defendants. The first, a group of seven homeowners' associations (Charleston Park Homeowners Association, Inc.; Hawthorne Ridge Homeowners' Association, Inc.; Pennington Square Homeowners Association, 5 Inc.; Waccamaw Village Property Owners Association, Inc.; Cole Creek Homeowners Association, Inc., Reedy Falls Homeowners Association, and Springhaven Homeowners, Association, Inc., collectively "HOA Defendants"), are the organizations that Plaintiffs are members of and who created the relevant restrictive covenants. (Dkt. No. 34 ¶¶ 16 – 17.) The second, a group of six management companies (Southern Community Services, LLC; Hinson Management, Inc.; IMC

Charleston, LLC, Sisbro Properties, LLC; Red Rock Management Agency, LLC, William Douglas Management, Inc., MJS Inc., collectively "Management Defendants"), manage the restrictive covenants of the HOA Defendants, including collecting the assessments specified in the covenants. (Dkt. No. 34 ¶¶ 25 – 33, 51.) The third, a group of four law firms (McCabe, Trotter & Beverly, P.C.; Simons & Dean, Attorneys At Law; McCutchen, Mumford, Vaught & Geddie, P.A.; and Black, Slaughter & Black, P.A., collectively "Law Firm Defendants"), ultimately file the notice of lien and pursue foreclosure actions for the HOA Defendants. (Dkt. No. 34 ¶¶ 24, 61, 63, 66.)

Plaintiff filed this action on January 9, 2018, alleging that the Defendants violated the Federal Fair Debt Collection Practices Act ("FDCPA") and South Carolina state law in trying to enforce liens against Plaintiffs via foreclosure. (Dkt. No. 34 ¶¶ 83 – 99, 102 – 122.) Plaintiffs also seek a declaratory judgment from the Court on thirteen issues. (Dkt. No. 34 ¶¶ 101 – 102.) On January 1, 2018, Defendants filed a motion to dismiss. (Dkt. Nos. 26 – 28.) On February 12, 2018, Plaintiffs filed an amended complaint as a matter of right under Rule 15(a)(1) of the Federal Rules of Civil Procedure and pending motions to dismiss were denied as moot. (Dkt. Nos. 34, 39.) The Amended Complaint specified that the FDCPA claim was only against the Law Firm Defendants and added an additional claim for abuse of process under South Carolina law. (Dkt. No. 34.) On March 5, 2018, the Moving Defendants renewed their motion to dismiss, addressing the new arguments raised in the Amended Complaint. (Dkt. Nos. 47 – 54.) Defendants argue that filing notice of liens and foreclosing on them based on restrictive covenants is lawful in South Carolina and therefore the Plaintiffs' claims, which rely on the alleged illegality of that conduct, must fail. In the alternative, Defendants ask that the Court

abstain from hearing Plaintiffs case based on the pending foreclosure actions in state court under the *Younger* and *Colorado River* abstention doctrines.

## II. Legal Standard

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## B. Declaratory Judgment Act

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

However, the Declaratory Judgment Act is "remedial only, and is not itself a basis for federal subject matter jurisdiction." *Volvo GM Heavy Truck Corp. v. U.S. Dep't of Labor,* 118 F.3d 205, 210 (4th Cir.1997). Therefore, the Court only has jurisdiction over Plaintiffs' declaratory judgment action if a claim could be brought directly under the FDCPA. *See COM, LLC v. BellSouth Telecomm., Inc.,* 664 F.3d 46, 55–56 (4th Cir.2011) ("[A] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred.").

### III. Discussion

#### A. Fair Debt Collection Practices Act Claim

Defendants argue that filing a notice of lien and foreclosing on them for failure to pay homeowners' association assessments is lawful in South Carolina and, therefore, Plaintiffs fail to make out a cognizable claim under the FDCPA. To make out a claim under the FDCPA, Plaintiffs must prove that:

(1) Plaintiffs have been the object of collection activity arising from consumer debt;

(2) Law Firm Defendants are debt collectors as defined by the FDCPA, and;

(3) the Law Firm Defendants have engaged in an act or omission prohibited by the FDCPA

*See Chatman v. GC Servs., LP*, 57 F. Supp. 3d 560, 565 (D.S.C. 2014). In relevant part here, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," or from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692(e); §1692(f).

Plaintiffs allege that the use of liens and foreclosures on those liens, including the communications related to those liens and foreclosures, is the false, deceptive, misleading representation and/or unfair or unconscionable means constituting an act or omission prohibited by the FDCPA. (Dkt. No. 34 ¶¶ 92, 97 – 98.) This however is simply not the case. Contrary to Plaintiffs' assertions, South Carolina courts recognize the right for liens to be imposed based on restrictive covenants, and for those liens to ultimately be foreclosed upon. *See First Fed. Sav. & Loan Ass'n of Charleston v. Bailey*, 316 S.C. 350, 354–55, 450 S.E.2d 77, 80 (Ct. App. 1994) (holding that homeowners' association had a "contractual right to a charge and lien" because "the property was already burdened with the covenant at the time the mortgagors received title to it."); *Wachesaw Plantation E. Cmty. Servs. Ass'n, Inc. v. Alexander*, 420 S.C. 251, 256, 802

S.E.2d 635, 638 (Ct. App. 2017) (recognizing that "[l]ike an action to foreclose a mortgage, an action to foreclose a lien for the unpaid assessments of a homeowners' association is an action in equity.") Indeed, just this past April the South Carolina Court of Appeals ruled on the proper standard to apply when reviewing the price for a judicial sale of property subject to lien foreclosure from a homeowners' association, finding no fault with the practice in general. *See Winrose Homeowners' Ass'n, Inc. v. Hale*, No. 2015-001807, 2018 WL 1613627, at *1 (S.C. Ct. App. Apr. 4, 2018), *reh'g denied* (June 1, 2018).

The Bankruptcy Court in this District has held similarly, recognizing that covenants requiring the payment of maintenance assessments can validly give rise to a lien and can ultimately be foreclosed upon. *See In re Foster*, 552 B.R. 102, 105 – 06 (Bankr. D.S.C. 2016) ("Additionally, the Covenants in the present case specifically provide that the remedy for seeking payment of outstanding assessments is to foreclose the lien created by the Covenants against the property in the same manner as prescribed by the laws of the State of South Carolina for the foreclosure of Mortgages. There is no requirement that the Association file a notice of lien for homeowner's association assessments prior to foreclosure.").

In arguing that liens in South Carolina are solely created by statute, Plaintiffs rely on a list of liens that have been created by statute. However, Plaintiffs acknowledge that there are other, non-statutory liens, created by courts. Indeed, the Bankruptcy Court in this District recognized the right of homeowners' associations to file a notice of lien and foreclose on the lien even though there is no South Carolina statute authorizing such lien. *See Id.* ("At present, there is no South Carolina state statute specifically providing a procedure for obtaining a lien for an assessment charged by homeowner's associations.").

Plaintiffs are free to pursue their argument that these liens are illegal in the proper forum, namely, in state court as part of their foreclosure proceedings. Nonetheless, where, as here, there is no indication that the practice of filing a notice of lien and foreclosing on that lien violates any state law and state court decisions indicate otherwise, that action does not give rise to a claim under the FDCPA.

Therefore, Plaintiffs have failed to identify the prohibited actor omission required to make out a claim under the FDCPA.

### B. Declaratory Judgment Act Claim

This Court lacks subject matter jurisdiction to issue a declaratory judgment in this case. *See Volvo GM Heavy Truck Corp. v. U.S. Dep't of Labor,* 118 F.3d 205, 210 (4th Cir.1997) (the Declaratory Judgment Act is "remedial only, and is not itself a basis for federal subject matter jurisdiction."); *COM, LLC v. BellSouth Telecomm., Inc.,* 664 F.3d 46, 55 – 56 (4th Cir.2011) ("[A] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred."). Each of the thirteen requests for declaratory judgment ask this Court to issue a decision on state law in a case involving parties solely from South Carolina. The Court has no jurisdiction to hear these claims separate from some federal question, diversity of the parties, or supplemental jurisdiction. As explained above, to the extent that these relate to a claim under the FDCPA, Plaintiffs are unable to state a claim. Therefore, the Court lacks jurisdiction over Plaintiffs' cause of action for declaratory relief.

### C. State Law Claims

Having dismissed all of Plaintiffs' federal claims, the Court declines jurisdiction over any remaining state law claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Tigrett v. Rector and Visitors of the Univ. of Virginia,* 290 F.3d 620, 626 (4th Cir.2002)

(affirming district court's dismissal of state law claims when no federal claims remained in the case).

Because the Court dismisses this action, it need not reach the pending motion to disqualify Plaintiffs' counsel. That motion is dismissed as moot.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. Nos. 47 – 54.) All other pending motions are **DENIED AS MOOT**. This action is **DISMISSED**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

June 2\, 2018

Charleston, South Carolina